18-2423-cv
*Howard v. Port Auth. of N.Y. & N.J.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of July, two thousand nineteen.

Present:    ROSEMARY S. POOLER,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                    *Circuit Judges*.

_____

KATHLEEN HOWARD,

                    *Plaintiff-Appellant*,

            v.                                          18-2423-cv

PORT AUTHORITY OF NEW YORK & NEW JERSEY, PORT AUTHORITY POLICE DEPARTMENT OF NEW YORK & NEW JERSEY, JOHN DEGNAN, CHAIRMAN, MICHAEL FEDORKO, SUPERINTENDENT, POLICE OFFICER,

                    *Defendants-Appellees*.[1]

_____

---

[1] Howard filed the complaint in this case under a pseudonym, "Female Port Authority Officer 47708," which remained in the case caption until now even though Howard did not object to the use of her name in court. Tr. of Civil Cause for Initial Conference at 11, *Female Port Auth. Officer 47708 v. Port Auth. of N.Y. & N.J.*, No. 15-cv-6359 (NCG) (E.D.N.Y. Apr. 12, 2016), ECF No. 28. Given the presumption in favor of open records, a district court may permit a plaintiff to use a pseudonym only in the unusual circumstances in which "the plaintiff's interest in anonymity" outweighs "both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). Here, the district court never made such a determination, nor do we discern any basis for permitting

Appearing for Appellant:      Anthony C. Varbero, Joseph Mure Jr. & Associates (David C. Casagrande, *on the brief*), Brooklyn, N.Y.

Appearing for Appellees:      Kathleen Gill Miller, The Port Authority Law Department, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Kathleen Howard appeals from the July 20, 2018, judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*), granting summary judgment to Defendants-Appellees (collectively, the "Port Authority") on her claims that (1) she suffered sexual harassment and (2) was terminated from the Port Authority Police Department on the basis of her sex, both in violation of 42 U.S.C. § 2000e *et seq*. and 42 U.S.C. § 1983. On appeal, she argues only that she was discriminated against on the basis of sex. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Howard argues that she was illegally fired from her position as a probationary police officer ("PPO") in the Port Authority Police Department because she is a woman. She primarily substantiates her sex discrimination claim by arguing that, although she informed police investigators that she could not recall answers to their questions and was fired, her similarly situated male colleagues lied to police investigators and were not fired. She also argues that the Port Authority's proffered reason for her termination is false.

In reviewing Howard's claims, we apply the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of discrimination, which then shifts the burden to the employer to come forward with a legitimate, nondiscriminatory reason for the adverse employment action. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). At the summary judgment stage, once the employer comes forward with a permissible reason for the adverse employment action, the plaintiff must present evidence from which a reasonable jury could find that the employer's justification is a pretext for intentional discrimination. *See id.* at 143.

Prior to evaluating Howard's arguments on appeal, we must consider the Port Authority's alternative grounds for affirmance. First, the Port Authority argues that Howard did not possess the minimal qualifications to be a police officer because she is not a truthful person; therefore, the Port Authority contends, Howard has failed to present a prima facie case of discrimination. The Port Authority did not raise this argument below, and we therefore decline to consider this waived argument. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) ("[A]n

---

Howard to proceed under a pseudonym. Accordingly, the Clerk of Court is directed to amend the caption as above.

appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)).

The Port Authority also argues that Howard has failed to establish a prima facie case of discrimination because she is not similarly situated to any of the male officers who were not fired and therefore has not established facts giving rise to an inference of discrimination. We assume that Howard has satisfied her "minimal" burden to establish that she was "similarly situated in all material respects" to fellow PPOs Ryan Quirk and Thomas Small, who were not terminated despite engaging in conduct materially similar to Howard's conduct. *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001).

We turn to the question of whether Howard has presented evidence from which a reasonable jury could find that she was the victim of intentional sex discrimination. *See Reeves*, 530 U.S. at 143; *see also Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000). Under *Reeves*, it is our task "to examine the entire record" and "make [a] case-specific assessment as to whether a finding of discrimination may reasonably be made." *Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 382 (2d Cir. 2001). Where, as here, an employment discrimination plaintiff relies exclusively on a prima facie case of discrimination and a showing that an employer's legitimate, nondiscriminatory reason for firing the plaintiff is pretextual, "the plaintiff may attempt to establish that he was the victim of intentional discrimination by showing that the employer's proffered explanation is unworthy of credence." *Reeves*, 530 U.S. at 143 (internal quotation marks omitted). We are cognizant that a jury may "consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom on the issue of whether the defendant's explanation is pretextual." *Id.* (alteration omitted) (internal quotation marks omitted).

After thoroughly reviewing the record, we conclude that a reasonable jury could not find by a preponderance of the evidence that Howard's termination was motivated by her sex. Assuming that Howard has presented sufficient evidence to carry her de minimis burden of establishing a prima facie case, on the record here, such evidence—even combined with some evidence of pretext—is insufficient as a matter of law to carry her ultimate burden at trial. *See, e.g.*, *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94 (2d Cir. 2001); *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 157 (2d Cir. 2000); *Schnabel*, 232 F.3d at 91. The evidence does not support an inference that "the most likely alternative explanation" for her termination was sex discrimination. *See Reeves*, 530 U.S. at 147. We therefore conclude that a reasonable trier of fact could not find in Howard's favor and summary judgment in favor of the Port Authority was appropriate.

We have considered the remainder of Howard's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk